|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| The United States of America, | 2:12-cr-132-JAD-CWH-2 |
| Plaintiff | |
| v. | **Order Granting Motion to Vacate (§ 2255)** |
| William Bonaparte, | [ECF Nos. 195, 198] |
| Defendant | |

Federal inmate William Bonaparte pled guilty to, and was convicted of, three counts of interference with commerce by robbery and one count of conspiracy to interfere with commerce by robbery under the Hobbs Act, 18 U.S.C. § 1951. Bonaparte received 78-month, concurrent sentences for the conspiracy and each of the robberies. He also received an additional seven years for violating 18 U.S.C.§ 924(c)(1)(A)(ii), which imposes a mandatory minimum seven-year sentence for brandishing a firearm during a "crime of violence." Here, that crime of violence was Bonaparte's conspiracy conviction.

Bonaparte moves to vacate his sentence, arguing that he did not commit a crime of violence within the meaning of § 924(c), which means his conviction and additional seven-year sentence under this statute is infirm. Bonaparte points to *Johnson v. United States*,[1] in which the Supreme Court recently struck down part of a crime-of-violence sentence enhancement in the Armed Career Criminal Act. Bonaparte contends that *Johnson's* holding applies to § 924(c) and results in his conspiracy conviction no longer qualifying as a crime of violence.

The government responds first with the procedural argument that Bonaparte is precluded from challenging his sentence because he waived his post-conviction challenges in his plea agreement. But when Bonaparte entered into that deal, *Johnson* did not exist and there was no question that § 924(c)'s seven-year enhancement applied to him. The Ninth Circuit maintains that

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

defendants cannot be held responsible for failing to make constitutional challenges that did not exist when they were sentenced. So I do not find that Bonaparte's motion is barred by his collateral-attack waiver or based on its timing. And when I reach the petition's merits, I find that *Johnson* renders Bonaparte's § 924(c) conviction infirm as a matter of law.[2] I thus grant Bonaparte's motion, vacate his § 924(c) conviction and sentence, and schedule him for resentencing.

## Background

William Bonaparte and three co-defendants were indicted after a single-day spree of four convenience-store armed robberies. The ten-count indictment charged the group with four counts of interference with commerce by robbery under the Hobbs Act, 18 U.S.C. § 1951 ("Hobbs Act robbery"), one count of conspiracy to interfere with commerce by robbery ("Hobbs Act conspiracy"), and five counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)—one specifically tied to each of the five predicate offenses.[3] All four defendants entered guilty plea agreements. Bonaparte pled to three of the robbery counts, the conspiracy count, and the first of the § 924(c) counts, which charged him with brandishing a firearm "during and in relation to the crime of violence charged in Count One of th[e] indictment," which was the Hobbs Act conspiracy charge.[4] Bonaparte's plea was accepted and he was sentenced to 78 months per count concurrent on the robbery and conspiracy charges. And he received the mandatory minimum seven-year sentence required by § 924(c)(1)(A)(ii) for the brandishing charge on top of the 78 months for the other counts, for a total sentence of 162 months.[5]

The government raises two primary arguments against Bonaparte's motion to vacate: (1) he should be precluded from challenging his sentence in the first place because he entered into a plea

---

[2] Because this motion turns on legal questions and does not require the resolution of disputed facts, I find this motion suitable for disposition without a hearing. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (holding that it is within a district court's discretion to address pure legal issues under § 2255 without a hearing).

[3] ECF No. 1 (indictment).

[4] ECF No. 138.

[5] ECF No. 176 (judgment).

agreement and did not raise this challenge sooner; and (2) regardless, his Hobbs Act conspiracy conviction still qualifies as a crime of violence under § 924(c). I start with the procedural barrier.

**Discussion**

**A.   Bonaparte did not waive his right to raise a new constitutional argument that was not previously available to him.**

The government first argues that Bonaparte waived his right to challenge his sentence because (1) his plea agreement contains a collateral-attack waiver, and (2) he failed to preserve the argument by raising it in a pretrial motion. The Ninth Circuit has explained that an appeal waiver in a plea agreement cannot bar a defendant's challenge to his sentence based on an unconstitutionally vague statute.[6] At the time Bonaparte was sentenced, his conviction easily qualified as a crime of violence under § 924(c). It was not until the Supreme Court handed down *Johnson* that he suddenly had a constitutional challenge available to him. Bonaparte's instant motion based on *Johnson* and the unconstitutionality of § 924(c)'s residual clause is thus not barred by the terms of his plea agreement.[7]

Nor is Bonaparte procedurally barred from challenging his sentence under 28 U.S.C. § 2255 because he did not raise it in a pretrial motion. Section 2255(f)(3) allows Bonaparte to challenge his sentence within one year of "the date on which the right [he] assert[s] was initially recognized by the Supreme Court." Bonaparte moved for relief within a year after *Johnson* issued. And as I explain

---

[6] *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) ("We therefore accept the Government's concession that the district court sentenced Torres pursuant to a provision in the Guidelines that is unconstitutionally vague. This renders Torres's sentence "illegal," and therefore the waiver in his plea agreement does not bar this appeal."); *see also United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (noting that an appeal waiver will not apply if "the sentence violates the law").

[7] I am sensitive to the government's argument that allowing Bonaparte to collaterally attack his sentence despite the waiver in his plea agreement is unfair because he received significant benefits from the government, particularly in the dismissal of other counts that would have supported § 924(c) convictions despite *Johnson*. These are considerations that the government can argue under 18 USC § 3553(a) at resentencing. *See, e.g., Dean v. United States*, 137 S. Ct. 1170, 1176 (Apr. 3, 2017) (recognizing that, in "sentencing package cases," including those in which a § 924(c) conviction is invalidated, the government "routinely argues" for increased sentences for predicate offenses).

below, I find that the Supreme Court's ruling in *Johnson* applies to § 924(c), so Bonaparte is asserting a right that was recognized by the Supreme Court, making his motion timely.[8] Bonaparte's plea-agreement waiver and failure to raise this challenge earlier do not preclude him from challenging his sentencing enhancement.

**B.   Hobbs Act conspiracy does not qualify as a crime of violence under § 924(c) after *Johnson*.**

Title 18 U.S.C. § 924(c) criminalizes using or carrying a firearm in relation to a "crime of violence" and imposes mandatory, consecutive minimum sentences. An offense may qualify as a crime of violence under either of two clauses. Section 924(c)(3)**(A)**, also known as the statute's "force clause," includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 924(c)(3)**(B)**, known as the "residual clause" of the statute, encompasses any felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Bonaparte contends that his Hobbs Act conspiracy conviction does not qualify under either the residual or the force clause, so his § 924(c) conviction and resulting seven-year consecutive sentence are invalid.

*1.   Section 924(c)'s residual clause is unconstitutionally vague.*

In the past, courts often relied on the residual clause to find that a conviction qualifies as a crime of violence under § 924(c) because there is more leeway in the standard: as long as the predicate crime involves a "substantial risk" of "physical force" being used against someone, it's in. But the residual clause's nebulous nature raises serious due process concerns: defendants often struggle to discern whether their convictions meet this standard.

This concern was the focus of the Supreme Court's recent watershed case, *Johnson v. United States*. In *Johnson,* the Supreme Court tested the constitutionality of the residual clause of another

---

[8] Indeed, courts have generally taken this approach to *Johnson* challenges. *See, e.g., Lilley v. United States*, 2016 WL 6997037, *4 (W.D. Wash. Nov. 30, 2016) ("[T]he court concludes that Mr. Lilley's waiver of his right to bring a collateral attack on his sentence does not apply to the instant Section 2255 petition based on *Johnson*.").

subsection of § 924—§ 924(e), known as the Armed Career Criminal Act ("ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'"[9] The High Court evaluated the clause's violent-felony definition using the "framework known as the categorical approach," which "assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'"[10] It concluded that "the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates," and held it void for vagueness.[11]

The government contends that *Johnson*'s holding should be confined to ACCA cases. Several courts outside of the Ninth Circuit agree.[12] They reason that the ACCA's residual clause was unconstitutionally broad and vague at least in part for reasons that don't track § 924(c)'s residual clause. For one, § 924(c)'s residual clause is much narrower: it requires physical force to be used against a victim; the ACCA's clause extended to any crime that happened to cause a physical injury, whether or not physical force was used. For another, § 924(c)'s clause is limited to crimes that are inherently dangerous when they are committed, while the ACCA's clause extended to crimes that merely created a risk of danger in the future. Finally, the ACCA's clause sowed additional confusion because it covered any dangerous crimes that related to four distinct enumerated offenses—§ 924(c) covers only a single dangerous crime, uses of physical force. So there are sensible reasons to

---

[9] *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[10] *Id*. at 2557 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

[11] *Id*. at 2558.

[12] *See, e.g., United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016); *United States v. Moore*, 2016 WL 2591874, at *6 (E.D. Mich. May 5, 2016); *United States v. Dervishaj*, 169 F. Supp. 3d 339, 347–50 (E.D.N.Y. 2016) (declining to invalidate 924(c)'s residual clause); *United States v. McDaniels*, 147 F. Supp. 3d 427, 436–37 (E.D. Va. 2015) (predicting that "the Residual Clause of § 924(c)(3)(B) would likely not fail as unconstitutionally vague as it is distinguishable from the ACCA Residual Clause at issue in Johnson").

distinguish *Johnson*, and in another circuit, these reasons might carry the day.

But I am bound by the Ninth Circuit's guidance. And in *Dimaya v. Lynch*, the Ninth Circuit rejected a reading of *Johnson* that would confine it to the ACCA,[13] extending *Johnson* to invalidate the INA's residual clause. Save an additional comma, the INA's residual clause is indistinguishable from § 924(c)'s—the Ninth Circuit has thus already addressed these same arguments about whether a narrower residual clause like § 924(c)'s is impacted by *Johnson*.[14] And the answer, at least in this circuit, appears to be that *Johnson*'s invalidation of this statutory language extends beyond the ACCA.

The *Dimaya* panel acknowledged that the ACCA's residual clause is worded a bit differently than the INA's.[15] But it reasoned that these were distinctions without a difference. The panel explained that, in striking down the ACCA's clause, the Supreme Court in *Johnson* was chiefly concerned with two problems: (1) that a crime qualified for the enhancement based on "a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements," and (2) that the "ACCA's residual clause left uncertainty about how much risk it takes for a crime to qualify as a violent felony."[16] The Ninth Circuit panel concluded that these two problems "appl[y] with equal force to the similar statutory language and identical mode of analysis used to define a crime of violence for purposes of the INA."[17]

---

[13] *Dimaya v. Lynch*, 803 F.3d 1110, 1113 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016). The Ninth Circuit denied the petition for rehearing en banc, *see Dimaya v. Lynch*, Case No. 11-17307, Dkt. No. 114 (Jan. 25, 2016), leaving the panel's decision the final and binding law of this circuit.

[14] *Compare* 18 U.S.C. § 16(b) ("The term 'crime of violence' means . . . any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."), *with* 18 U.S.C. § 924(c)(3)(B) ("For purposes of this subsection the term 'crime of violence' means an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.").

[15] *Dimaya*, 803 F.3d at 1115.

[16] *Id.*

[17] *Id.* Notably, the Supreme Court granted the petition for certiorari in *Dimaya* for the 2016 term, but the case was held over to the 2017 term. *See Lynch v. Dimaya*, 137 S. Ct. 31 (2016). Because I am

The government offers no reason that the *Dimaya* panel's analysis of the INA does not apply to § 924(c)'s identically-worded residual clause. The Ninth Circuit signaled which factors in *Johnson* matter when determining whether a residual clause is unconstitutional, and those factors appear to me equally relevant to § 924(c)'s clause. Whether a crime qualifies as a crime of violence is tied to a "judicially imagined ordinary case," not "real-world facts." And determining how much risk it takes to qualify under § 924(c)'s vague "physical force" standard creates uncertainty. In light of *Dimaya*, § 924(c)'s "similar statutory language and identical mode of analysis used to define a crime of violence" mean that *Johnson* applies and that § 924(c)'s residual clause is void for vagueness.[18] With the residual clause no longer available, Bonaparte's conviction for Hobbs Act conspiracy qualifies as a crime of violence only if it satisfies the force clause.

### 2. Hobbs Act conspiracy does not qualify as a crime of violence under 924(c)'s force clause.

The Ninth Circuit confirmed as recently as last year that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause,[19] but it has not yet decided whether conspiracy to commit Hobbs Act robbery similarly qualifies. To trigger § 924(c)'s force clause, the defendant must have committed a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." In other words, an element of the defendant's predicate felony must require that the defendant did one of three things: (1) actually used force, (2) threatened to use force, or (3) attempted to use force against someone or his property.

---

required to address this motion promptly, *Battaglia v. United States*, 469 F.2d 686 (9th Cir. 1972); Rule 4(b) of the Rules Governing Section 2255 Procedures for the United States District Courts, I can no longer wait to see what the Supreme Court will do.

[18] Courts in the Eastern and Northern Districts of California have reached this same conclusion, and I find their reasoning persuasive. *See United States v. Thongsouk Theng Lattanaphom*, 159 F. Supp. 3d 1157 (E.D. Cal. Feb. 1, 2016); *United States v. Bell*, 158 F. Supp. 3d 906 (N.D. Cal. Jan. 28, 2016). I have also held that § 924(c)'s residual clause is unconstitutional under *Johnson*. *See United States v. Smith*, 215 F. Supp. 3d 1026, 1032 (D. Nev. 2016).

[19] *United States v. Howard*, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) (unpublished), *as amended* June 24, 2016 (holding that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)).

Hobbs Act conspiracy requires that: "(1) two or more people agreed to commit a robbery or extortion of the type discussed in the Hobbs Act; (2) the defendant had knowledge of the conspiratorial goal; and (3) the defendant voluntarily participated in trying to accomplish" that goal.[20] The type of robbery discussed in the Hobbs Act is the taking of someone's property "by means of actual or threatened force."[21]

Hobbs Act *robbery* is similar to § 924(c)'s force clause in one way: both require that the defendant used or threatened force against another. But *conspiracy to commit Hobbs Act robbery* merely requires that the defendant entered an agreement to commit a robbery in the future. A defendant can enter this agreement without actually "us[ing], attempt[ing to] use, or threaten[ing to] use physical force against the person or property of another"—so a Hobbs Act conspiracy conviction does not categorically line up with § 924(c)'s force clause. For example, he could be convicted based on an agreement to commit the robbery with identities concealed by ski masks and purchasing a ski mask for the robbery.[22] By entering into that agreement and purchasing the mask, the defendant would be guilty of conspiracy to commit Hobbs Act robbery, but he would not have actually used, threatened to use, or attempted to use force against anyone.[23] Because conspiracy to commit Hobbs

---

[20] *United States v. Si*, 343 F.3d 1116, 1123–24 (9th Cir. 2003).

[21] 18 U.S.C. § 1951(b)(1).

[22] *See also United States v. Dennis*, 2013 WL 704482, at *7 (D. Mont. Feb. 27, 2013), *aff'd*, 569 Fed. Appx. 533 (9th Cir. 2014) (finding conviction sufficiently supported where evidence showed that the defendant agreed with others to commit a stash-house robbery and kill the guards if necessary and procured a black mask for the task, and reasoning, "Unlike the crime of attempted robbery to affect commerce, to convict [defendant] of conspiracy to commit robbery affecting commerce under 18 U.S.C. § 1951(a), the United States need not prove [defendant] took a 'substantial step' towards the commission of the crime.").

[23] *See also United States v. Baires-Reyes*, 191 F. Supp.3d 1046, 1050 (N.D. Cal. 2016) (dismissing § 924(c) charge after finding residual clause invalid under *Dimaya* and that Hobbs Act conspiracy is not a crime of violence under the force clause because it does not require "actual, attempted, or threatened physical force"); *United States v. Luong*, 2016 WL 1588495, at *3 (E.D. Cal. Apr. 20, 2016) (dismissing § 294(c) counts after finding that "conspiracy to commit Hobbs Act robbery . . . is not a crime of violence under the force clause" and "the residual clause is unconstitutional under *Johnson*").

Act robbery does not have as an element the use or attempted use of physical force, it does not qualify as a crime of violence under the force clause.

## Conclusion

Because Hobbs Act conspiracy does not qualify as a crime of violence under § 924(c)'s force clause, and because the only remaining clause that it could qualify under is void for vagueness, Bonaparte's conviction under § 924(c) and resulting seven-year sentence enhancement is infirm. I therefore grant Bonaparte's § 2255 motion, vacate his § 924(c) conviction and his sentence, and schedule this case for resentencing.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant's motions to vacate **[ECF Nos. 195, 198] are GRANTED. A resentencing hearing will be held on September 11, 2017, at 10:30 a.m.** in Courtroom 6D of the Lloyd D. George Courthouse in Las Vegas, Nevada. The court requests a new sentencing memorandum from defendant by August 21, 2017, and a new sentencing memorandum from the government by September 1, 2017.

Dated this 25th day of July, 2017

_____
Jennifer A. Dorsey
United States District Judge